UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MICHELLE NOVINGER,                              )
                                               )
              Plaintiff,                        )
                                               )
       v.                                       ) CAUSE NO: 4:25-cv-67
                                               )
CATALENT PHARMA SOLUTIONS, LLC,                 )
                                               )
              Defendant.                        )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.     Comes now the Plaintiff, Michelle Novinger ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Catalent Pharma Solutions, LLC, ("Defendant") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

**PARTIES**

2.     Plaintiff resided within the Southern District of Indiana at all relevant times.

3.     Defendant is a foreign limited liability company doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 2000e-5(f)(3).

5.     Plaintiff was an employee within the meaning of 42 U.S.C. § 2000e(f).

6.     Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b).

7.    Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Plaintiff.  She now timely files his lawsuit.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

**FACTUAL ALLEGATIONS**

9.    Defendant hired Plaintiff in or around August 1 2022 as the Director of Engineering & Maintenance for its Greendale, Indiana location.

10.    At all times relevant, Plaintiff met or exceeded Defendant's legitimate performance expectations.

11.    Throughout Plaintiff's employment, Defendant has held Plaintiff to different standards than similarly situated males in leadership positions.  Specifically, Defendant subjected Plaintiff to a higher standard of performance than similarly situated males.

12.    On or around August 2, 2024, Plaintiff's direct supervisor, Patrick Hatem, gave Plaintiff a "needs improvement" on her 2024 year end performance review, despite Plaintiff's ability to demonstrably negate each of Hatem's subjective criticisms.  Hatem gave similarly situated male directors successful performance reviews despite those males failing to meet objective goals.

13.    Due to Plaintiff's "needs improvement" rating, Defendant place Plaintiff on a 90-day performance improvement plan on or about August 28, 2024.

14.    On October 8, 2024, less than halfway through the 90-day PIP, Hatem terminated Plaintiff's employment for the alleged reason of "not being accountable for the engineering and maintenance team."  When pressed for specifics, Hatem refused (or simply could not provide) to provide examples, stating "that it is not up for debate."

15.     At the time of her termination and even though less than halfway through her 90-day PIP, Plaintiff had satisfactorily completed the majority of "action items" outline on her PIP. Nevertheless, Hatem refused Plaintiff the ability to successfully complete her PIP by terminating her several weeks before its conclusion.

16.     Defendant treats similarly situate males more favorably in terms of and conditions of employment and discipline in that it allows those similarly situated males time to successfully complete the full term of any PIP to which they were subject.

17.     On or about February 3, 2025, Defendant replaced Plaintiff with a less experienced and less qualified male.

18.     Defendant's actions have violated Plaintiff's rights as protected by the Title VII of the Civil Rights Act of 1964.

19.     Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT I

## TITLE VII – SEX DISCRIMINATION

20.     Plaintiff hereby incorporates paragraphs 1-19 of her Complaint.

21.     Defendant took adverse actions against Plaintiff because of her sex.

22.     Defendant replaced Plaintiff with a less qualified male.

23.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Michelle Novinger, respectfully requests that this Court find for her and order that:

1.     Defendant pay lost wages and benefits to Plaintiff;

2.     Defendant pay compensatory and punitive damages to Plaintiff;

3.     Defendant pay pre- and post-judgment interest to Plaintiff;

4.     Defendant pay Plaintiff's attorneys' fees and costs incurred in this action; and

5.     Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,


John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, Michelle Novinger, respectfully requests a jury trial for all issues

deemed triable.

Respectfully submitted,


John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cwilliams@jhaskinlaw.com